IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ZACHARIAH KINSAUL and
ALETA KINSAUL, in their
capacity as co-Personal
Representatives of the Estate of
JAMES MICHAEL KINSAUL,

      Plaintiffs,

v.                                                                  CASE NO.: 4:08cv159-SPM/WCS

MORRIS YOUNG, in his official
capacity as SHERIFF, GADSDEN
COUNTY, FLORIDA,
ERIC MCMILLION, individually,
and JOZELL MCWHITE, individually,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on Defendant's Motion for Final Summary Judgment (doc. 38). The parties have fully briefed the issues in accordance with Northern District of Florida Local Rule 56.1. The motion is ready for disposition.

**I.     BACKGROUND**

Plaintiffs are the personal representatives of James Michael Kinsaul. They are suing Morris Young, in his official capacity as Sheriff, Gadsden County, Florida, for state law claims of negligence and negligent training and supervision,

and a federal law claim under § 1983 for acting with deliberate indifference to Kinsaul's taking of his own life. Plaintiffs also included in their complaint claims against individual deputies, McMillion and McWhite. Plaintiffs are not proceeding on those claims and have thus conceded to entry of summary judgment. Doc. 46 at p.3.

On August 5, 2006, between 11:14 and 11:35 a.m., Kinsaul hanged himself in a cell at the Gadsden County Jail. He had been taken into custody by the Havana Police Department at 6:05 a.m. that morning for allegedly scratching an insult onto the Havana Police Chief's patrol truck. Deputy McMillon postponed Kinsaul's initial booking evaluation and screening because Kinsaul was under the influence of alcohol and he believed Kinsaul would be bonding out quickly. He allowed Kinsaul to keep his personal items, such as his belt, and did not prepare a property receipt.

Deputy McMillion placed Kinsaul in a holding cell first, where Kinsaul got into a fight with another inmate. Around 6:20 a.m., McMillion moved Kinsaul to an administrative confinement cell with a blanket and mattress, where Kinsaul could "sleep some of his intoxication away." (Depo. of McMillion p. 15). At 6:45 a.m., McMillion checked on Kinsaul and observed him to be asleep with a blanket over his head.

Kinsaul remained asleep in the administrative confinement cell until he was awakened by Deputy McWhite and taken for his first appearance before Circuit Judge Hankinson. Judge Hankinson decided to hold Kinsaul for

violations of probation.

First appearances ended at approximately 11:14 a.m. and Kinsaul was returned to the jail. Deputy McWhite allowed all those attending first appearance, including Kinsaul, to make phone calls. Deputy McWhite recalls that Kinsaul used his call and encouraged the person on the other end of the call to come see him. Kinsaul asked and was allowed to use the restroom. He responded "yes" when asked if he wanted to eat, and he inquired if there was anything to drink.

Deputy McWhite left and returned to Kinsaul's cell at 11:35 a.m. to complete Kinsaul's booking. At that time, she saw that Kinsaul had used his belt to hang himself. Kinsaul's death was ruled a suicide by ligature hanging.

It is undisputed that Sheriff Young had no knowledge that Kinsaul might take his own life. Plaintiffs argue, however, that Sheriff Young is liable for Kinsaul's suicide because he provided no training on suicide detection. Furthermore, the Sheriff's deputies routinely failed to book inmates when they first arrived at the jail and allowed them to be placed in cells, including isolation cells, with the tools to commit suicide. As a result of the lack of training and routine practices at the jail, Kinsaul was placed in an unmonitored isolation cell without cell-mates with his belt. Nothing was done to determine if Kinsaul was at risk for suicide.

II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the evidence and all factual inferences in the light most favorable to the nonmoving party, and resolves all reasonable doubts about the facts in favor of the nonmoving party.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

If the moving party has satisfied its burden, the burden shifts to the nonmoving party who must show "that summary judgment would be inappropriate because there exists a material issue of fact."  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).  The burden can be met by presenting enough evidence to show that a reasonable finder of fact could find for the nonmoving party.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

### III.  DISCUSSION

The standard for imposing § 1983 liability upon a sheriff in his official capacity for acting with a deliberate indifference to jail suicide requires a showing that the defendant (1) had subjective knowledge of a serious risk of suicide, (2) disregarded the risk, (3) with conduct that was more than mere negligence.

Cook v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). "'[T]he mere opportunity for suicide, without more, is clearly insufficient to impose liability on those charged with the care of prisoners.'" Id. (quoting other cases). There must be a "'*strong likelihood* rather than a mere possibility that the self-infliction of harm will occur.'" Id. (quoting other cases, emphasis in original).

      Plaintiffs' claim against Sheriff Young is not supported by any evidence that the Sheriff himself was indifferent to Kinsaul's risk of suicide. The gist of Plaintiffs' claim is that the Sheriff had no policies in place to prevent suicide generally. But deficiencies in policy come into consideration only after deliberate indifference is shown. Id. The failure to train jail personnel to screen prisoners for suicide risk cannot by itself establish § 1983 liability. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). The law in the Eleventh Circuit "'makes clear that [defendants] cannot be liable under § 1983 for the suicide of a prisoner who never had threatened or attempted suicide and who had never been considered a suicide risk.'" Id. (quoting other cases).

      The knowledge possessed by the officials involved as to the prisoner's suicidal tendencies is critical to a finding of deliberate indifference. Popham, 908 F.2d 1561, 1564 (11th Cir. 1990); Cook, 402 F.3d at 1116-15. To impose liability upon Sheriff Young in his official capacity, Plaintiff's must show that the Sheriff himself had knowledge that Kinsaul was a suicide risk. Cook, 402 F.3d at 1116. The knowledge must be particularized to the risk of Kinsaul, as opposed to prisoners in general. "Deliberate indifference, in the jail suicide context, is not a

question of the defendant's indifference to suicidal inmates or suicide indicators generally, but rather it 'is a question of whether a defendant was deliberately indifferent to *an individual's* mental condition and the likely consequences of that condition.'"  Id. at 1117 (quoting with emphasis added, Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1539 (11th Cir. 1994)).

Thus, while Plaintiffs rely on the absence of polices and lax customs to show that Sheriff Young was deliberately indifferent to inmate suicide in general, they must show that the Sheriff had knowledge of Kinsaul's risk to hold him liable under § 1983 for Kinsaul's suicide.  Plaintiffs have no such evidence.  Accordingly, Sheriff Young is entitled to summary judgment on Plaintiffs' § 1983 deliberate indifference claim.

Plaintiffs' remaining claims are based on Florida state law and are before this Court on supplemental jurisdiction.  28 U.S.C. § 1367(c).  When the only federal claim is dismissed prior to trial, the preference in the Eleventh Circuit is to dismiss the state law claims.  Raney v. Allstate Insurance Co., 370 F.3d 1086, 88-89 (11th Cir. 2004) ( "We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").  Accordingly, it is

ORDERED AND ADJUDGED:

1.  Defendant's Motion for Final Summary Judgment (doc. 38) is granted as to the § 1983 deliberate indifference claims against Sheriff Young and Deputies McMillion and McWhite.  Accordingly, the clerk shall enter

judgment for Defendants as to Count II.

    2.    The Court declines to exercise supplemental jurisdiction over Count I (Negligence) and Count III (Negligent Training and Supervision).  Counts I and III are dismissed without prejudice to Plaintiff's opportunity to raise them in state court.

    3.    The pretrial conference scheduled for July 6, 2009, is cancelled. The clerk shall close this case.

DONE AND ORDERED this 2nd day of July, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge